**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya L Deri-Alvarado, | No. CV-23-00254-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Waste Management, et al., | |
| Defendants. | |

Pending before the Court is Defendants Waste Management et al.'s ("WM") Motion to Dismiss, (Doc. 18). Plaintiff Tanya Deri-Alvarado has responded. (Doc. 22). Defendants have replied. (Doc. 23). The Court now rules.

**I.      BACKGROUND**

The following summary of facts is taken from the Complaint and attachments thereto. In deciding a motion to dismiss for failure to state a claim, the Court must construe the facts as alleged in the Complaint in the light most favorable to Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

On February 9, 2023, Plaintiff commenced this civil action with a *pro se* Complaint for violations of the American with Disabilities Act ("ADA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 1). A Magistrate Judge issued a report and recommendation concluding that the Complaint should be dismissed without prejudice for failure to state a claim. (Doc. 9). The District Court adopted that report and

recommendation on May 15, 2023, and dismissed the case without prejudice with a deadline of June 16, 2023, for Plaintiff to file an amended complaint. (Doc. 10). Plaintiff timely filed an Amended Complaint on June 5, 2023. (*See* Doc. 17).

Plaintiff is a former employee of WM. (Doc. 17 at 7). At or around August 25, 2021, Plaintiff began exhibiting anxiety and stomach pain for which she received a doctor's note for an accommodation at work. (*Id.*) WM granted her accommodation. (*Id.*) Plaintiff then allegedly began recognizing WM company vehicles following her. (*Id.*) She also allegedly began experiencing physical harassment and cyber bullying on her social media accounts which she attributes to WM. (*Id.*) Plaintiff was then called into a meeting with her manager O. Jackson and the human resources manager S. Parker. (*Id.*) At that meeting, Plaintiff alleges her managers accused her of time theft by using her social media accounts during work hours and violating the proper use of her granted accommodations by using social media during her allotted accommodations time. (*Id.*)

In response to this meeting, Plaintiff allegedly filed an ethics complaint to WM's ethics department. (*Id.*) At the conclusion of the ethics department's investigation, Plaintiff alleges they found that she had done nothing wrong and asked her what she would like to see happen. (*Id.*) She allegedly requested to be moved to a new team but claims that instead "they decided to continue to harass me physically with sending their friends as well as co-workers to spy on me." (*Id.*) During this period, Plaintiff alleges that WM refused to pay her "although [she] had the proper paperwork from [her] doctor's office." (*Id.*) She attempted to rectify the non-payment issue with S. Parker, where he allegedly told her that she needed "to contact New York Life regarding any issue with payments and that they had nothing really to do with it." (*Id.* at 8).

In April 2022, Plaintiff received a letter in the mail stating that she had been terminated because she had not contacted WM about her short-term leave. (*Id.*) Plaintiff allegedly communicated with different members of WM and New York Life for the next three months trying to figure out whether she would be returning to work and her short-term disability benefits. (*Id.*) During this time, Plaintiff allegedly took to social media to

complain about WM because she did not feel that anyone was helping her. (*Id.*) Plaintiff was then allegedly contacted by T. Gamble on behalf of Defendants, telling Plaintiff that she was "being terminated for speaking out on Social Media and that was a violation of their policy." (*Id.*) During the termination process, Plaintiff and WM allegedly engaged in settlement negotiations that were unsuccessful. (*Id.*)

Plaintiff thereafter went to the Equal Employment Opportunity Commission ("EEOC") to ask them to conduct an investigation. (*Id.*) The EEOC told Plaintiff they would not be pursuing an investigation and issued her a right to sue letter. (*Id.*) Plaintiff believes she was retaliated against by Defendants for contacting the ethics department, and she was "singled out and chosen to be picked on" for unexplained reasons. (*Id.* at 8–9). Plaintiff sues under RICO and 42 U.S.C. §§ 12112–17. (*Id.* at 3). Defendants have filed a Motion to Dismiss for failure to state a claim. (Doc. 18).

## II.     STANDARD OF REVIEW

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the Defendants has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In reviewing a complaint for failure to state a claim, the Court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true," *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but "[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss," *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to

construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

### III. ANALYSIS

Defendants argue that Plaintiff's claims in the Amended Complaint must be dismissed because it "simply repackages the same theories and allegations that the Court rejected in her initial Complaint" and these "allegations continue to fail to state a claim upon which relief can be granted." (Doc. 18 at 1–2). In her Response, Plaintiff concedes that "[D]efendants are correct that the amended complaint is verbatim because the situation is still the same." (Doc. 22 at 1). The Court will address each of Plaintiff's claims in turn.

#### A. RICO Claim

As the Magistrate Judge pointed out, (Doc. 9 at 3), there is no private right of action for Plaintiff to bring a criminal RICO charge. *See Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). However, the Court will liberally construe Plaintiff's Amended Complaint to allege a civil RICO claim.

To successfully plead a civil RICO claim under 18 U.S.C. § 1964, Plaintiff must adequately allege a violation of section 1962 which involves (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Howard v. America Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) (citing *Sedima S.P.R.L. v. Imrex Corp.*, 473 U.S. 479, 496 (1985)). Moreover, Plaintiff must also show her business or property was injured by Defendants' alleged violation of section 1962. 18 U.S.C. § 1964(c). At issue is whether Plaintiff properly alleged a pattern of racketeering activity or alleged that her business or property has been injured by such racketeering activity.

A pattern is defined as "at least two acts of racketeering activity" within ten years

1  of each other. 18 U.S.C. § 1861(5). "Racketeering activity" is one of the several indictable acts listed under section 1961(1). *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "[T]he term 'pattern' itself requires the showing of a relationship between the predicates and of the threat of continuing activity." *Id.* at 239.

Plaintiff alleges in a conclusory fashion that Defendants have engaged in "organized group stalking on [and] offline." (Doc. 17 at 3). Plaintiff's factual allegations to support this claim are as follows: "[I] started noticing vehicles following me, sotting [sic] outside my house followed by multiple individuals harassing me physically and cyber bullying me on ALL my Social Media Accounts[;]" and "harass[ing] me physically with sending their friends and co-workers to spy on me." (*Id.* at 7–8). Even taken as true, Plaintiff's allegation of "organized group stalking" does not qualify as an indictable act under section 1961(1). *See* 18 U.S.C. § 1961(1). Further, Plaintiff has not alleged a pattern of racketeering activity. Without one instance of racketeering activity, by definition, there cannot be a second racketeering activity. *See* 18 U.S.C. § 1961(5). Thus, the Court finds that Plaintiff has not pled sufficient facts under a cognizable legal theory of a civil RICO violation to survive Defendants' Motion to Dismiss.[1] The Court dismisses Plaintiff's RICO claim with prejudice because Plaintiff was already given leave to amend, (*see* Doc. 10), and has alleged the same factual predicate for her RICO claim; and under any version of the facts alleged by Plaintiff, the alleged conduct of Defendants does not constitute an indictable act under section 1961(1) and so amendment would be futile. *See Doe v. Fed. Dist. Ct.*, 467 Fed. Appx. 725, 728 (9th Cir. 2012) (listing "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" as factors weighing against granting successive amendment) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.     ADA Claims**

Plaintiff alleges that she suffers from "anxiety causing digestive issues." (Doc. 17 at 4). Plaintiff further alleges Defendants engaged in the following discriminatory conduct:

---

[1] Although Plaintiff also does not allege her property or business was injured by Defendants' alleged violation of section 1962, the Court need not address this insufficiency due to Plaintiff's failure to adequately plead a civil RICO claim.

"termination of my employment," "failure to promote me," and "retaliation." (*Id.*)

The Americans with Disabilities Act ("ADA") provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. To prevail on an ADA claim of unlawful discharge or failure to promote, "the plaintiff must establish a prima facie case by showing that: (1) [she] is a disabled person within the meaning of the statute; (2) [she] is a qualified individual with a disability; and (3) [she] suffered an adverse employment action because of [her] disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

Additionally, the ADA prohibits an employer from retaliating against an employee who seeks an accommodation in good faith. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). To prevail on an ADA claim of retaliation, Plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action[,] and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (quoting *Coons*, 383 F.3d at 887).

Here, Plaintiff states that she was provided an accommodation for her alleged disability and that at that time, she "started to recognize vehicles and their similarities and took to social media about it." (Doc. 17 at 7). Plaintiff states that Defendants accused her of "stealing from Waste Management's time and violating [her] accommodations by being on social media during these times." (*Id.*) After this meeting and a series of alleged communications between Plaintiff and representatives from WM and New York Life, Plaintiff "took to social media again to vent." (*Id.* at 8). Plaintiff then alleges she was terminated for "speaking out on Social Media and that was a violation of [WM's] policy." (*Id.*) Plaintiff believes she "was singled out and chosen to be picked on, for whatever reason never explained. Except THE REASONABLE explanation being due to excessive time off the phone, DUE to [her] disability." (*Id.*) She also believes she was retaliated against after her first meeting with supervisors and subsequent alleged ethics investigation. (*Id.* at 9).

1   Plaintiff has failed to establish the elements necessary for disability discrimination
2   under the ADA. Notably, Plaintiff has failed to demonstrate that she suffered an adverse
3   employment action because of her disability. By her own admission, Plaintiff states she
4   was fired for violation of Defendant's social media policy, not because of her disability.
5   *See Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir. 1996) (affirming dismissal based on
6   plaintiff's admission that he was terminated for his conduct rather than his purported
7   disability). Plaintiff has also failed to establish the elements necessary to state a claim for
8   retaliation under the ADA. Plaintiff has not established any link between a request for a
9   reasonable accommodation and an adverse employment action. She states that she was
10  allegedly retaliated against for "turn[ing] them into the ethics Department," not in response
11  to her disability or request for accommodations.[2] There is no causal link established.
12  Plaintiff has failed to state claims for disability discrimination and retaliation under the
13  ADA and, accordingly, the Court dismisses both claims without prejudice.

### C. Leave to Amend

The Ninth Circuit Court of Appeals has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Futility alone justifies denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995). Here, the Court cannot conclude that no facts could be alleged against Defendants that would state a claim.[3] Therefore, the Court will grant Plaintiff leave to amend her ADA claims. However, as previously stated, *see* Section III.A, *supra*, amendment of Plaintiff's RICO claim would be futile because under no

---

[2] "The ADA prohibits an employer from retaliating against an employee who seeks a reasonable accommodation in good faith." *Valtierra v. Medtronic, Inc.*, 232 F. Supp. 3d 1117, 1126 (D. Ariz. 2017).

[3] For example, an ADA interference claim requires a showing that an individual "(1) exercised or enjoyed a right expressly granted by the ADA, such as requesting or receiving an accommodation; (2) [she] was subjected to interference, coercion or threats in relation to the exercise or enjoyment of that right; and, (3) [she] suffered 'a distinct and palpable injury' as a result." Fed. R. Civ. P. 8(a); *Brown v. City of Tucson*, 336 F.3d 1181, 1191–92 (9th Cir. 2003) (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1123 (9th Cir. 2001)).

version of the facts would Defendants' alleged conduct constitute an indictable offense under 18 U.S.C. § 1961(1). As such, the Court denies Plaintiff leave to amend her RICO claim.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 18) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint that complies with the requirements of Federal Rules of Civil Procedure 8(a) and 10(b) and shall set forth the factual bases for Plaintiff's claims within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within fourteen (14) days, this case will be dismissed for failure to state a claim and the Clerk of the Court shall enter judgment accordingly.

Dated this 22nd day of January, 2024.

James A. Teilborg
Senior United States District Judge